DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mark E. Hamilton, appeals his conviction in the Medina County Court of Common Pleas. We affirm.
 I.
On January 5, 2000, the Medina County Grand Jury indicted Mr. Hamilton on one count of cultivation of marijuana, in violation of R.C. 2925.04(A) and (C)(4)(c). The indictment followed a search of Mr. Hamilton's residence pursuant to a search warrant, during which over ninety marijuana plants and various pieces of horticultural equipment were seized. The search warrant had been obtained by Agent Mark Schoonover of the Medina County Drug Task Force, based on affidavit which contained the following information:
 2. Within the last 72 hours, a reliable Confidential Informant observed an unspecified number of marijuana plants being cultivated in the residence of 107 Railroad St. Lodi, Ohio. This is the residence of Mark Hamilton.
 3. This Confidential Informant has proved to be reliable by providing Affiant with information that Affiant has verified as being accurate and true.
 4. Affiant is aware that Mark Hamilton does in fact reside at 107 Railroad St. Lodi, Ohio.
* * *
On March 3, 2000, Mr. Hamilton moved to suppress the evidence obtained during the search, alleging that the affidavit upon which the search warrant was based did not set forth a substantial basis for concluding that probable cause existed to search his property for contraband. The trial court held a hearing on the motion to suppress, during which Agent Schoonover testified concerning the reliability of the confidential informant. The trial court denied the motion to suppress. Subsequently, Mr. Hamilton changed his not guilty plea to a plea of no contest, and the trial court found him guilty of the charge in the indictment. He was sentenced accordingly. This appeal followed.
 II.
Mr. Hamilton asserts two assignments of error. We will discuss each in due course.
 A. Second Assignment of Error The trial court erred in denying Appellant's motion to suppress when the affidavit that was the basis of the search warrant was devoid of sufficient probable cause to justify the issuance of a search warrant.
Mr. Hamilton avers that the trial court erred in denying his motion to suppress the evidence obtained as a result of the search conducted on a warrant, which was issued without probable cause.[1] We disagree.
The Fourth Amendment to the United States Constitution guarantees the people the right to be free from unreasonable searches and seizures and provides that no warrants shall issue but upon probable cause.
 In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
State v. George (1989), 45 Ohio St.3d 325, paragraph one of the syllabus, quoting Illinois v. Gates (1983), 462 U.S. 213, 238-399,76 L.Ed.2d 527, 548. However, "[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause [and] his action cannot be a mere ratification of the bare conclusions of others." Gates, 462 U.S. at 239, 76 L.Ed.2d at 549.
In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant, a reviewing court should accord great deference to the magistrate's determination of probable cause and not substitute its judgment for that of the magistrate. George, 45 Ohio St.3d at paragraph two of the syllabus. "[D]oubtful or marginal cases * * * should be resolved in favor of upholding the warrant." Id.
In the present case, the challenged affidavit provides the following information:
 2. Within the last 72 hours, a reliable Confidential Informant observed an unspecified number of marijuana plants being cultivated in the residence of 107 Railroad St. Lodi, Ohio. This is the residence of Mark Hamilton.
 3. This Confidential Informant has proved to be reliable by providing Affiant with information that Affiant has verified as being accurate and true.
While this affidavit lacks certain specificity, it provided the magistrate with a specific, immediate time frame during which the confidential informant personally observed marijuana plants being cultivated at Mr. Hamilton's address. Further, Agent Schoonover verified that this particular confidential informant had proven to be reliable. Although this affidavit is less than laudable, "doubtful or marginal cases * * * should be resolved in favor of upholding the warrant."George, 45 Ohio St.3d at paragraph two of the syllabus. Accordingly, we cannot find that under the totality of the circumstances, the magistrate did not have a substantial basis to conclude that probable cause existed to issue a search warrant for Mr. Hamilton's residence based on information provided in the affidavit of Agent Schoonover. Mr. Hamilton's second assignment of error is overruled.
 B. First Assignment of Error The trial court erred in allowing the State of Ohio to present at the suppression hearing evidence outside of the search warrant affidavit in violation of Criminal Rule 41(C).
In his first assignment of error, Mr. Hamilton avers that the trial court erred by considering evidence outside of the search warrant affidavit in determining whether there was a substantial basis for the magistrate to conclude that probable cause existed. We find that any error by the trial court in that regard to be harmless, as the magistrate had a substantial basis for concluding that probable cause existed based solely on Agent Schoonover's affidavit. See Crim.R. 52(A). Mr. Hamilton's first assignment of error is overruled.
 III.
Mr. Hamilton's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
SLABY, J., WHITMORE, J., CONCUR
[1] As a preliminary matter, we note that "[a] plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence." Crim.R. 12(H).